# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FESTUS O. OHAN,<br><br>        Plaintiff,<br><br>        v.<br><br>ARMANDO FONTURA, PAULA DOW, CHARLES RETTIG,<br><br>ABN AMRO, LEE BACA, JACKIE LACEY,<br><br>U.S. DEPARTMENT OF JUSTICE, U.S. DEPARTMENT OF HEALTH, U.S. DEPARTMENT OF TREASURY, U.S. DEPARTMENT OF STATE, U.S. CONGRESS,<br><br>NORTH ATLANTIC TREATY ORGANIZATION, STATES OF THE UNITED STATES, UNITED NATIONS, THE EUROPEAN UNION, and THE UNITED KINGDOM,<br><br>        Defendants. | Case No. 3:22-cv-00207-RRB<br><br>Case No. 3:22-cv-00212-RRB<br><br>Case No. 3:22-cv-00221-RRB<br><br>Case No. 3:22-cv-00226-RRB |

## ORDER OF DISMISSAL

Before the Court are the four above-captioned civil actions brought by self-represented litigant Festus O. Ohan ("Plaintiff"). Plaintiff filed applications to

proceed without paying the filing fee in each case.[1] Plaintiff subsequently has filed numerous "Additional Related Documents" and "Notices" in each case. The Court shall not consider additional arguments contained in the additional documents filed with the Court, as that is not proper procedure to amend a complaint.[2]

Upon the Court's review, the Court finds these cases to be interrelated and appropriate to address within the same order. Plaintiffs' filings are fundamentally similar, repeat or reference allegations against defendants named in other actions, and contain copies of duplicative documents. He has included some or all of the above-captioned case numbers on his coversheets and requested the Clerk file the documents in each case.[3] Accordingly, these actions will be evaluated and addressed collectively. The Court now screens Plaintiff's complaints in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

---

[1] *Ohan v. Fontoura et al.,* Case No. 3:22-cv-00207-RRB, Docket 3; *Ohan v. ABN AMRO et al.,* Case No. 3:22-cv-00212-RRB, Docket 3; *Ohan v. U.S. Department of Justice et al.,* Case No. 3:22-cv-00221-RRB, Docket 3; *Ohan v. North Atlantic Treaty Organization et al.,* Case No. 3:22-cv-00226-RRB, Docket 3.

[2] *See* Fed. R. Civ. P. 15(a); *see also* Local Civil Rule 15.1.

[3] *See, e.g.,* Case 3:22-cv-00212-RRB, Docket 1, 5; Case 3:22-cv-00221-RRB, Dockets 4–8.

Case No. 3:22-cv-00207-RRB, *Ohan v. Fontoura et al.*
Case No. 3:22-cv-00212-RRB, *Ohan v. ABN AMRO et al.*
Case No. 3:22-cv-00221-RRB, *Ohan v. U.S. Department of Justice et al.*
Case No. 3:22-cv-00226-RRB, *Ohan v. North Atlantic Treaty Organization et al.*
Order of Dismissal
Page 2 of 13
Case 3:22-cv-00212-RRB    Document 14    Filed 03/14/23    Page 2 of 13

I. **Procedural History**

As an initial matter, the Court takes judicial notice of Plaintiff's previous civil cases in federal court.[4] *Ohan v. Essex County Sheriff's Office*[5] was dismissed for seeking relief from defendants who are immune from suit. In *Ohan v. United States*,[6] the Court found the Complaint failed to state a viable a claim and noted Plaintiff's filings were "often illegible or unintelligible or unrelated to th[e] case."[7] The Court also could not establish jurisdiction.[8] Nonetheless, the Court granted leave to file an Amended Complaint or Notice of Voluntary Dismissal.[9] Plaintiff subsequently filed multiple documents, but the Court ultimately dismissed the action as none of the filings could "be construed to be either an amended complaint or a notice of voluntary dismissal[,]" and the Plaintiff failed to "make an

---

[4] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019). A court can take judicial notice of its own files and records. Fed. R. Evid. 201.

[5] *Ohan v. Essex County Sheriff's Office*, 2010 WL 11693192 (D. N.J. 2010).

[6] *Ohan v. United States,* 2022 WL 1307248 (D. Alaska 2022).

[7] *Id.*

[8] *Id.*

[9] *Id.*

Case No. 3:22-cv-00207-RRB, *Ohan v. Fontoura et al.*
Case No. 3:22-cv-00212-RRB, *Ohan v. ABN AMRO et al.*
Case No. 3:22-cv-00221-RRB, *Ohan v. U.S. Department of Justice et al.*
Case No. 3:22-cv-00226-RRB, *Ohan v. North Atlantic Treaty Organization et al.*
Order of Dismissal
Page 3 of 13
Case 3:22-cv-00212-RRB   Document 14   Filed 03/14/23   Page 3 of 13

effort to comply with the Court's previous order regarding filing an amended complaint."[10]

## II. Summary of Complaints

Even construing the immediate filings liberally, Plaintiff fails to state a claim upon which relief may be granted.[11] Although Plaintiff's narratives are difficult to follow, in the interest of justice, the Court attempts to summarize each Complaint below to the best of its ability.

In his first Complaint, on September 9, 2022, Plaintiff named Armando Fontoura, Sheriff for Essex County, New Jersey; Paula Dow, a former county prosecutor from Newark (in Essex County), and Charles Rettig, the Internal Revenue Service (IRS) Commissioner as defendants.[12] The filings total 352 pages. Claims 1 and 2 in this Complaint bring allegations against the Essex County Sherriff and Prosecutor for events that occurred in New Jersey in 2005.[13] These claims are nearly identical to the claims dismissed by the United States

---

[10] *Ohan v. Rettig,* Case 3:22-cv-00011-SLG, Docket 20. *See also id*. at Docket 26 (Order Re Post-Judgment Filings: No action will be taken by the court with respect to the post-judgment filings. Any request for relief from judgment must be in the form of a motion and must comply with the applicable Federal Rules of Civil Procedure.).

[11] Plaintiff also seeks relief from Defendants who are immune from suit, repeats litigation previously dismissed, and raises allegations unlikely under the jurisdiction of the Court.

[12] *Ohan v. Fontoura et al.,* Case No. 3:22-cv-00207-RRB.

[13] Case No. 3:22-cv-00207-RRB, Docket 1 at 3–4.

Case No. 3:22-cv-00207-RRB, *Ohan v. Fontoura et al.*
Case No. 3:22-cv-00212-RRB, *Ohan v. ABN AMRO et al.*
Case No. 3:22-cv-00221-RRB, *Ohan v. U.S. Department of Justice et al.*
Case No. 3:22-cv-00226-RRB, *Ohan v. North Atlantic Treaty Organization et al.*
Order of Dismissal
Page 4 of 13
Case 3:22-cv-00212-RRB   Document 14   Filed 03/14/23   Page 4 of 13

District Court for the District of New Jersey in 2010.[14] Claim 3 in this Complaint, brings allegations against the IRS and IRS Employees, similar to those previously dismissed by this Court.[15] Plaintiff's Complaint and subsequent filings describe childhood injuries, events occurring in other countries, visits from Queen Elizabeth, riots in Madrid, supersonic bluebird jets, faces of elephants, growth hormones, and ear implants.[16]

Next, on October 4, 2022, Plaintiff named ABN AMRO, a mortgage financing group in Michigan; Lee Baca, the Los Angeles County Sheriff; and Jackie Lacey, the Los Angeles County District Attorney, as defendants.[17] The filings total 212 pages. Claim 1 of this second Complaint describes a psychiatric hospitalization in New Jersey and what seems to be subsequent foreclosure of Plaintiff's home in California. His narrative includes alleged involvement of ABM AMRO, the LA Sheriff, a law firm with 53 licensed attorneys, and Citi Bank.[18] Claim 2, against Sheriff La Baca, alleges that the Sheriff auctioned his home in a "Sheriff's Sale" in 2006. His narrative also describes his childhood abduction, permanent scarring

---

[14] *Ohan v. Essex County Sheriff's Office*, 2010 WL 11693192 (D. N.J. 2010).

[15] *Ohan v. United States,* 2022 WL 1307248 (D. Alaska 2022).

[16] *See, e.g., Ohan v. Fontoura et al.,* Case No. 3:22-cv-00207-RRB, Docket 1 at 3–5; Docket 9; Docket 12.

[17] *Ohan v. ABN AMRO et al.,* Case No. 3:22-cv-00212-RRB.

[18] *Id.* at Docket 1 at 4.

Case No. 3:22-cv-00207-RRB, *Ohan v. Fontoura et al.*
Case No. 3:22-cv-00212-RRB, *Ohan v. ABN AMRO et al.*
Case No. 3:22-cv-00221-RRB, *Ohan v. U.S. Department of Justice et al.*
Case No. 3:22-cv-00226-RRB, *Ohan v. North Atlantic Treaty Organization et al.*
Order of Dismissal
Page 5 of 13
Case 3:22-cv-00212-RRB   Document 14   Filed 03/14/23   Page 5 of 13

from amputation of his left leg, his vehicles being towed in California, and how Americans and Britain stole his inheritance.[19] In Claim 3, against the L.A. District Attorney, Plaintiff claims he was wrongfully incarcerated in the Los Angeles County jail and then forced to be homeless. He references his cases in Essex County, New Jersey. He claims Britain, Mainland Europe, and Nigeria "followed their steps." His narrative includes descriptions of drilling and mining to "destroy the galaxy," alleged cannibalism, and use of enemy body parts for procreation.[20]

On October 14, 2022, Plaintiff's third Complaint names the U.S. Department of Justice, U.S. Department of Health, U.S. Department of Treasury, U.S. Department of State, and U.S. Congress as defendants.[21] The filings total 349 pages. In Claims 1–3 of the third Complaint, Plaintiff describes events occurring from 1958 to present, alleging the U.S. Government committed mail fraud, "offset his credentials" and used the Department of Justice for home invasion burglaries. He claims the U.S. government is responsible for his unemployment and homelessness, and forced him to take minimum wage jobs for survival yet taxed him. He believes that the U.S. government implanted an electronic electrode

---

[19] Docket 1 at 4.

[20] Docket 1 at 5.

[21] *Ohan v. U.S. Department of Justice et al.,* Case No. 3:22-cv-00221-RRB.

Case No. 3:22-cv-00207-RRB, *Ohan v. Fontoura et al.*
Case No. 3:22-cv-00212-RRB, *Ohan v. ABN AMRO et al.*
Case No. 3:22-cv-00221-RRB, *Ohan v. U.S. Department of Justice et al.*
Case No. 3:22-cv-00226-RRB, *Ohan v. North Atlantic Treaty Organization et al.*
Order of Dismissal
Page 6 of 13

above his left ear in 1983 to steal his intellectual property.[22] He claims to have operated on former vice-president Dick Cheney, and that he owns all the neuropsychiatric hospitals in West Africa.[23] He describes a "universal conquest" stating "the United States of America is responsible . . . they invaded and annexed the world . . . [and seek] to acquire and own the universe."[24]

Finally, on October 18, 2022, Plaintiff named the North Atlantic Treaty Organization (NATO), United Nations, European Union, and United Kingdom as defendants.[25] The filings total 156 pages. Claim 1 of the fourth Complaint describes events allegedly occurring from 1958 to present and describes universal invaders, assassins, and what seems to be his interpretation of historic and religious events.[26] Claims 2 and 3 are difficult to parse, but appear to again describe events allegedly occurring from 1958 to the present involving alleged wrongdoings and conspiracies committed by the Unites Nations and by "states in the United States, especially CA, NY, NJ, FL, and Texas."[27]

---

[22] *Id.* at Docket 1 at 4.

[23] *Id.* at 3.

[24] *Id.* at 5.

[25] *Ohan v. North Atlantic Treaty Organization et al.,* Case No. 3:22-cv-00226-RRB.

[26] *Id.* at Docket 1 at 3.

[27] *Id.* at Docket 1 at 3–4.

Case No. 3:22-cv-00207-RRB, *Ohan v. Fontoura et al.*
Case No. 3:22-cv-00212-RRB, *Ohan v. ABN AMRO et al.*
Case No. 3:22-cv-00221-RRB, *Ohan v. U.S. Department of Justice et al.*
Case No. 3:22-cv-00226-RRB, *Ohan v. North Atlantic Treaty Organization et al.*
Order of Dismissal
Page 7 of 13
Case 3:22-cv-00212-RRB   Document 14   Filed 03/14/23   Page 7 of 13

Plaintiff's claims for relief in each action are fundamentally similar.[28] He seeks damages in the "quadrillions."[29] He also requests "return of all taken properties," information about the whereabouts of his biological parents, confessions from and punishments of Defendants, and various versions of declarations supporting what appears to be his account of history and religion.[30]

## III.  Screening Requirement

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[31] In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i)    is frivolous or malicious;
>
> (ii)   fails to state a claim on which relief may be granted; or
>
> (iii)  seeks monetary relief against a defendant who is immune from such relief.[32]

To determine whether a complaint states a valid claim for relief, courts

---

[28] Plaintiff used the Court's template *Pro Se Complaint* form in each above-captioned case, so his requests for relief are at page 6 of each respective Docket 1 ("Dockets 1").

[29] Dockets 1 at 6.

[30] *Id.*

[31] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000).

[32] 28 U.S.C. § 1915(e)(2)(B).

Case No. 3:22-cv-00207-RRB, *Ohan v. Fontoura et al.*
Case No. 3:22-cv-00212-RRB, *Ohan v. ABN AMRO et al.*
Case No. 3:22-cv-00221-RRB, *Ohan v. U.S. Department of Justice et al.*
Case No. 3:22-cv-00226-RRB, *Ohan v. North Atlantic Treaty Organization et al.*
Order of Dismissal
Page 8 of 13

consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[33] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[34] However, the Court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[35] [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."[36]

## IV. Plaintiff Fails to State any Viable Claims

A complaint fails to state a claim upon which relief may be granted if it appears that the Plaintiff can prove no set of facts in support of the claim that would entitle him to relief.[37] A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[38] A complaint should set out each claim for relief separately. Each claim should identify: (1) the specific harm

---

[33] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[34] See *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[35] *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

[36] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[37] *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); *Palmer v. Roosevelt Lake Log Owners Ass'n, Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981).

[38] Federal Rule of Civil Procedure 8(a)(2).

Case No. 3:22-cv-00207-RRB, *Ohan v. Fontoura et al.*
Case No. 3:22-cv-00212-RRB, *Ohan v. ABN AMRO et al.*
Case No. 3:22-cv-00221-RRB, *Ohan v. U.S. Department of Justice et al.*
Case No. 3:22-cv-00226-RRB, *Ohan v. North Atlantic Treaty Organization et al.*
Order of Dismissal
Page 9 of 13

that Plaintiff is alleging; (2) when that harm occurred; (3) where the harm was caused; and (4) who he is alleging caused that specific harm.

In the instant filings, Plaintiff fails to do so.  Instead, Plaintiff, in his "own version of the 'spaghetti approach,' has heaved the entire contents of a pot against the wall in hopes that something would stick."[39]  "As the Seventh Circuit observed in its now familiar maxim, '[j]udges are not like pigs, hunting for truffles buried in briefs.'"[40]  Nonetheless, in the interests of fundamental fairness, the Court attempted to flesh out Plaintiff's claims.  Even taken as a whole and construed liberally, the Court cannot decipher a sufficient, plausible theory or even facts that would support a legal claim.  Plaintiff's Complaints do not clearly set forth the factual allegations underlying his claims.  Plaintiff fails to describe specific actions taken by any of the defendants named in his complaints that violated his constitutional rights.  Many of the allegations are conclusory and not sufficiently detailed as to what each individual defendant did to violate his rights. Plaintiff's filings include allegations that are fanciful, fantastic, or delusional, and not supported by material fact.  Whether taken individually or as a collective, Plaintiff's allegations cannot state a viable civil legal claim; therefore, they do not have an arguable basis in law.  Even setting aside the multitude of procedural and

---

[39] *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

[40] *Id.* (quoting *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991)).

Case No. 3:22-cv-00207-RRB, *Ohan v. Fontoura et al.*
Case No. 3:22-cv-00212-RRB, *Ohan v. ABN AMRO et al.*
Case No. 3:22-cv-00221-RRB, *Ohan v. U.S. Department of Justice et al.*
Case No. 3:22-cv-00226-RRB, *Ohan v. North Atlantic Treaty Organization et al.*
Order of Dismissal
Page 10 of 13

jurisdictional issues, no facts or defendants could be added or substituted to allow any of the Complaints to move forward.

## V. Amendment is Futile

"A district court may deny leave to amend when amendment would be futile."[41] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[42] Here, no additional facts or defendants would remedy the lack of arguable basis in either fact or law in Plaintiff's filings. Therefore, amendment would be futile. The Court will not grant leave to amend the Complaints.

Further, a district court may dismiss an action for failure to comply with any order of the Court.[43] Plaintiff continues to be either unwilling or unable to comply with the Federal Rules of Civil Procedure, the Local Civil Rules, or with the Court's orders. Plaintiff has failed to amend a previous complaint in accordance with the Court's guidance,[44] and although the Court has notified Plaintiff that any requests for relief must be in the form or a motion and comply with applicable rules of

---

[41] *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013).

[42] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[43] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

[44] *See Ohan v. United States of America,* Case No. 3:22-cv-011-SLG, Docket 20.

Case No. 3:22-cv-00207-RRB, *Ohan v. Fontoura et al.*
Case No. 3:22-cv-00212-RRB, *Ohan v. ABN AMRO et al.*
Case No. 3:22-cv-00221-RRB, *Ohan v. U.S. Department of Justice et al.*
Case No. 3:22-cv-00226-RRB, *Ohan v. North Atlantic Treaty Organization et al.*
Order of Dismissal
Page 11 of 13
Case 3:22-cv-00212-RRB   Document 14   Filed 03/14/23   Page 11 of 13

procedure,[45] Plaintiff continues to submit extensive and voluminous incomprehensible filings in his pending and closed cases.  The Court notes Plaintiff also recently has filed several other civil actions with this court.  While not subject to the same screening standard as the instant actions, upon the Court's review, those filings also contain various procedural and substantive deficiencies which will be addressed in separate orders.

While a court may act with leniency towards a self-represented litigant for procedural violations, Plaintiff is not excused from the rules that govern court proceedings.[46]  Further, Plaintiff continues to demonstrate an inability to follow simple guidance and a lack of respect for efficient docket management.  Accordingly, the Court will not entertain any further non-procedurally compliant filings.

For the reasons explained above, these actions are DISMISSED WITH PREJUDICE.

---

[45] *See, e.g., id.* at Docket 26.

[46] *Motoyama v. Hawaii, Dept. of Transp.*, 864 F. Supp. 2d 965, 976 (2012); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (establishing self-represented litigants are bound by the same procedural rules as represented parties).

Case No. 3:22-cv-00207-RRB, *Ohan v. Fontoura et al.*
Case No. 3:22-cv-00212-RRB, *Ohan v. ABN AMRO et al.*
Case No. 3:22-cv-00221-RRB, *Ohan v. U.S. Department of Justice et al.*
Case No. 3:22-cv-00226-RRB, *Ohan v. North Atlantic Treaty Organization et al.*
Order of Dismissal
Page 12 of 13

## VI. Public Access

Federal courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents."[47] Although "access to judicial records is not absolute,"[48] there is a "strong presumption in favor of access."[49] The Court finds no reason for these complaints to remain under seal. Therefore, the Court unseals these actions and makes them available for public access in the interest of justice.

**IT IS THEREFORE ORDERED**:

1. These actions are **DISMISSED WITH PREJUDICE.**

2. All pending motions are **DENIED AS MOOT.**

3. The Court will not entertain any further non-procedurally compliant filings.

4. The Clerk of Court shall unseal all of the sealed filings in the above-captioned cases.

5. The Clerk of Court shall issue final judgments in the above-captioned cases.

DATED this 14th day of March 2023, at Anchorage, Alaska.

/s/ Ralph R. Beistline
RALPH R. BEISTLINE
Senior United States District Judge

---

[47] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978).

[48] *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (2006).

[49] *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003).

Case No. 3:22-cv-00207-RRB, *Ohan v. Fontoura et al.*
Case No. 3:22-cv-00212-RRB, *Ohan v. ABN AMRO et al.*
Case No. 3:22-cv-00221-RRB, *Ohan v. U.S. Department of Justice et al.*
Case No. 3:22-cv-00226-RRB, *Ohan v. North Atlantic Treaty Organization et al.*
Order of Dismissal
Page 13 of 13